IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.: 5:06-CR-168-H
NO.: 5:09-CV-120-H

RICCO LAMONT MCKOY,

    Petitioner,

v.      **ORDER**

UNITED STATES OF AMERICA,

    Respondent.

This matter is before the court on the government's motion to dismiss petitioner's § 2255 motion for failure to state a claim upon which relief can be granted, or in the alternative, for summary judgment.

### BACKGROUND

Petitioner was found guilty by a jury of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The petitioner filed a direct appeal on April 17, 2008. On May 8, 2008, the Fourth Circuit Court of Appeals upheld his conviction

and sentence. See United States v. McKoy, No. 07-4688, 277 Fed. App'x 283 (May 8, 2008). Writ of certiorari was denied by the Supreme Court on October 6, 2008. McKoy v. United States, 129 S. Ct. 356 (2008). On March 23, 2009, the petitioner filed the present motion to vacate pursuant to 28 U.S.C. § 2255.

### COURT'S DISCUSSION

Petitioner alleges the following claims for relief. First, petitioner claims that his counsel was ineffective for failing to move the court for a suppression hearing to determine the voluntariness of statements made by petitioner. Second, petitioner claims his counsel was ineffective for allowing petitioner's sentence to be "illegally enhanced by the government's impermissible double counting the firearms penalties." (Petition at 6.) Next, petitioner alleges that his counsel was ineffective for failing to object to the court's jury instructions. Finally, petitioner claims that this court should hold an evidentiary hearing because he has "raised issues that are outside the record which if proven would entitle him to the relief sought." (Petition at 9.)

To prove ineffective assistance of counsel, petitioner must satisfy the dual standards of Strickland v. Washington, 466 U.S. 668 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this

2

determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. Second, petitioner "must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

In his first claim, petitioner argues that his counsel was ineffective for not seeking the suppression of statements made by petitioner during an interview at the Cumberland County Detention Center. However, there is no evidence that in not moving to suppress that counsel's performance fell below the standard of reasonably effective assistance. In fact, the record shows that counsel objected to some of the testimony of the government agents and had an opportunity to cross-examine the government agent on the statements in question. Furthermore, there is no evidence that such a suppression motion would have been successful. Petitioner has neither shown that his counsel acted unreasonably nor that he was prejudiced by his counsel's actions and therefore, petitioner's motion is denied as to claim one.

In his second claim, petitioner argues that his counsel allowed the sentence to be "illegally" enhanced by allowing the government to "double-count" firearm penalties. This claim is

3

also not supported by the record. Counsel made objections to enhancements in the pre-sentence report, as noted by petitioner in his § 2255 motion [DE #66 at 22]. Petitioner has not shown that his counsel's performance was unreasonable or that he was prejudiced by counsel's performance and therefore, petitioner's motion is denied as to claim two.

Next, petitioner argues that his counsel was ineffective for failing to object to the incorrect preliminary instruction given to the jury regarding the reasonable doubt standard. On appeal, the Fourth Circuit held that the court did not err when it issued the final instructions to the jury and noted that the jury was aware of the fact that the final instructions would control their deliberations. In affirming the district court, the Fourth Circuit specifically found that the petitioner's substantial rights were unaffected. McKoy, at *6. Based on the findings of the Fourth Circuit, petitioner cannot show that the outcome of his case would have been different. Therefore, petitioner's motion is denied as to claim three.

Finally, petitioner moves this court for an evidentiary hearing. Having found that petitioner cannot show his counsel was ineffective for any of the reasons argued by petitioner, the court finds a hearing is unnecessary. Therefore, petitioner's motion is denied as to his request for a hearing.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss is GRANTED, and petitioner's § 2255 motion is DENIED. Finding no substantial issue for appeal concerning the denial of a constitutional right, a certificate of appealability is not issued.

This 23rd day of November 2010.

                        Malcolm J. Howard
                        Senior United States District Judge

At Greenville, NC
#26